UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA GALLAGHER, Individually,

        Plaintiff,

vs.

                                        Case No.   8:19-cv-3022

KT LAKELAND INC., a Florida
Corporation,

        Defendant.
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MARIA GALLAGHER, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, KT LAKELAND INC., a Florida Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Maria Gallagher, is an individual residing in West Palm Beach, FL, in the County of Palm Beach.

2. Defendant's property, Ramada by Wyndham Lakeland, is located at 3260 US Highway 98 North, Lakeland, FL 33805, in the County of Polk.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Maria Gallagher is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Because of the condition of her hip, chronic right trochanteric bursitis, she gets around when going short distances, by the use of a walker or a cane; while going longer distances, she gets around through the use of a wheelchair.

6. The Plaintiff has visited the subject hotel on October 23 to 24, 2019, and has personally encountered architectural barriers at the subject property, which barriers are enumerated herein. The barriers to access at the property have endangered her safety, and have impaired her ability to access the facility freely and safely.

7. Mrs. Gallagher frequents the Lakeland area as her sister-in-law resides there.

8. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Ramada by Wyndham Lakeland, and is located at 3260 US Highway 98 North, Lakeland, FL 33805.

9. Maria Gallagher has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Maria Gallagher desires to visit Ramada by Wyndham Lakeland, when the facility becomes accessible, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so

that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.  The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.  The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the Ramada by Wyndham Lakeland has shown that violations exist.  These violations that Maria Gallagher has personally encountered or observed include, but are not limited to:

### Accessible Route

A.  The plaintiff had difficulty traversing the facility due to site arrivals point not providing accessible routes to the public streets and sidewalks, in violation of sections 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.  The plaintiff had difficulty traversing the facility due to site arrival points not providing accessible routes to the entrances they serve, in violation of sections 206.2.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Entrances

C.  The plaintiff had a difficult time traversing into the entrances of the building because more than 50% of the entrances were not accessible, in violation of section 206.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

D.  The plaintiff had a difficult time traversing into entrances of the building because the entrances did not provide a level landing as required, in violation of 405.7 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The plaintiff had a difficult time using the operable parts on the door entrances due to the door hardware not being compliant, in violation of section 404.2.7 in the 2010 ADA Standards, whose resolution is readily achievable.

F. The plaintiff had a difficult time entering the entrances due to the doors not providing compliant maneuvering clearance as required, in violation of section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

G. The plaintiff had a difficult time traversing the entrances due to the floor mat in front of the doors not being secured to the floor as required, in violation of section 302.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Parking

H. The plaintiff had a difficult time traversing the accessible parking space and access aisle due to the slope being greater than 2%, in violation of section 502.4 in the 2010 ADA Standards, whose resolution is readily achievable.

I. The plaintiff had difficulty traversing the access aisle due to the ramp being in the access aisle, in violation of sections 406.5 and 502.4 in the 2010 ADA Standards, whose resolution is readily achievable.

J. The passenger loading zone at the main entrance does not provide a vehicular pull-up space as required, in violation of section 503.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Common Area

K. The plaintiff had difficulty utilizing the front desk counter due to it being exceeding the maximum allowance of 36 inches above the floor to the top of the surface, in violation of sections 904.4.1 and 904.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.

L. The plaintiff had difficulty utilizing the stairway because the handrails did not extend at the top or bottom of the stairs as required, in violation of sections 505.10.2 and 505.10.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Guest Rooms

M. The accessible guest room is missing the international symbol of accessibility, in violation of section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

N. The plaintiff had a difficult time utilizing the side wall grab bar because it did not extend 54 inches from the rear wall as required, in violation of section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

O. The plaintiff had a difficult time exiting the room due to the door not providing compliant maneuvering clearance as required, in violation of section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

P. The plaintiff had a difficult time operating the flush control because it in not located on the open side of the toilet, in violation of section 604.6 in the 2010 ADA Standards, whose resolution is readily achievable.

Q. The plaintiff had a difficult time reaching the latch lock for the door because it is mounted higher than 48 inches above the floor, in violation of sections 308.2.1 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

R. The subject hotel lacks the required number of compliant disabled rooms, and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

S. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services,

programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Ramada by Wyndham Lakeland to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all

readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    e.    The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

Respectfully submitted,

*/s/ John P. Fuller*

John P. Fuller, Esq. (FL Bar No. 0276847)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

Counsel for Plaintiff Maria Gallagher