# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARIA GALLAGHER,

    Plaintiff,

v.                                                     Case No: 8:19-cv-3022-KKM-CPT

OM 1961, INC,

    Defendant/Third-Party Plaintiff,

v.

KT LAKELAND, INC. and JAMIL KASSAM

    Third-Party Defendants.

_____/

## **ORDER**

This matter is before the Court on Plaintiff Maria Gallagher's Motion to Dismiss Plaintiff's Claim Pursuant to Federal Rule of Civil Procedure 41(a)(2).[1] (Doc. 55). Because the Court finds that Defendant would not be harmed by the dismissal of Plaintiff's claim and because Plaintiff's motion is unopposed, the Court grants Plaintiff's motion.

---

[1] In her motion, Plaintiff cites Federal Rule of Civil Procedure 41(B)(2) for authority. Because subsection (B)(2) does not exist under Rule 41, the Court construes Plaintiff's motion to mean to cite Rule 41(a)(2) for authority considering that Plaintiff is requesting dismissal by motion—as opposed to notice or stipulation, *see* F. R. Civ. P. 41(a)(1)(A)(i), (ii)—and the motion has been signed only by Plaintiff's counsel, *see* F. R. Civ. P. 41(a)(1)(A)(ii). *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012) ("The determination of whether a document was filed under Rule 41(a)(1) or Rule 41(a)(2) is a legal conclusion that can be made on the face of the filing . . . .").

On December 9, 2019, Plaintiff filed a complaint against KT Lakeland, Inc., alleging a violation of the Americans with Disabilities Act (ADA). (Doc. 1). She amended her complaint on February 26, 2020, naming OM 1961, Inc., as the defendant in the case. (Doc. 16). In response to Plaintiff's Stipulation of Voluntary Dismissal (Doc. 17), the Court dismissed KT Lakeland, Inc., as a defendant on February 28, 2020, making Defendant OM 1961, Inc., the only remaining defendant in the case. (Doc. 19). Defendant OM 1961, Inc., then filed a Third-Party Complaint against KT Lakeland, Inc., and Jamil Kassam on July 24, 2020. (Doc. 33). On February 16, 2021, the Court terminated Kassam as a Third-Party Defendant because of OM, 1961, Inc.'s failure to timely serve Kassam. (Doc. 54).

On March 3, 2021, Plaintiff filed a Motion to Dismiss Plaintiff's Claim. (Doc. 55). In her motion, Plaintiff "moves to dismiss Plaintiff's claim without prejudice" because "Plaintiff's claim is moot." *Id.* at 5. Plaintiff states that she will "not be going back to [the property that is the subject of litigation] (or the area) anytime soon" and explains that because her "sole remedy" requested is injunctive relief—which requires a showing of a "real or immediate threat of future injury"—she is now unable to show the likelihood of "immediate, unlawful conduct in the future" that is necessary to prevent mootness. *Id.* at 3–5. In response to the Court's order instructing parties to state whether they object to the Plaintiff's motion, Defendant OM 1961, Inc., filed a response stating that it "does not have [a] basis and thus does not object to the dismissal

of the Second Amended Complaint." (Doc. 57 at 1). Third-Party Defendant KT Lakeland, Inc., filed an untimely response stating that "if the Court dismisses plaintiff's matter as moot, similarly, the third party complaint, which is derivative of plaintiff's complaint should also be dismissed as moot." (Doc. 58 at 2). But because Third-Party Defendant KT Lakeland, Inc., is not ultimately objecting to the substance or relief requested in Plaintiff's motion, its position does not forestall the dismissal of Plaintiff's claim.[2]

District courts have broad discretion "in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014). The court's task is to "weigh the relevant equities and do justice between the parties." *Id.* "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id.* (emphasis omitted). "It is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* "Dismissal may be inappropriate, however, if it would cause the defendant to lose a 'substantial right.'" *Id.* (quoting *Potenberg v. Bos. Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)). "Another relevant consideration is whether the plaintiff's counsel has acted in bad faith." *Id.*

---

[2] The Court will address the surviving Third-Party claim by separate order.

3

The Court can identify neither clear legal prejudice nor a substantial right that would affect Defendant OM 1961, Inc., if the Court grants Plaintiff's motion to dismiss under Rule 41(a)(2).[3] And indeed, Defendant OM 1961, Inc., has not pointed to one. There has been no allegation that Plaintiff's counsel is acting in bad faith, and it appears that the potential for future litigation is slim considering Plaintiff's admission that her claim is moot. Thus, considering the Court's finding that Defendant OM 1961, Inc., would suffer no harm from the dismissal of this claim and considering that neither Defendant OM 161, Inc., nor Third-Party Defendant KT Lakeland, Inc., oppose Plaintiff's motion, the Court grants Plaintiff's motion to dismiss the amended complaint under Rule 41(a)(2).

Accordingly, it is **ORDERED**:

(1) Plaintiff Maria Gallagher's Motion to Dismiss Plaintiff's Claim (Doc. 55) is **GRANTED** without prejudice.

(2) Defendant OM 1961, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 26) is **DENIED AS MOOT**.

---

[3] Although dismissal of Plaintiff's claim against Defendant OM 1961, Inc. could affect the Court's subject matter jurisdiction over OM, 1961, Inc.'s Third-Party claim, that does not preclude the Court's grant of Plaintiff's motion to dismiss under Rule 41(a)(2). *See Goodwin*, 757 F.3d at 1219–22 (concluding that on the particular facts of that case, the loss of the defendants' preferred federal forum did not amount to "clear legal prejudice").

**ORDERED** in Tampa, Florida, on March 17, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge