# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OM 1961, INC.,

    Third-Party Plaintiff,

v.                                                            Case No: 8:19-cv-3022-KKM-CPT

KT LAKELAND, INC.,

    Third-Party Defendant.
_____/

## **ORDER**

This order follows review of OM 1961, Inc.'s response to the Court's order to show cause as to why the Court should retain jurisdiction over its third-party claims. (Doc. 61). After considering the circumstances of this case and the relevant factors, the Court declines to exercise jurisdiction over OM 1961, Inc.'s third-party claim.

### I.     Background and Procedural History

On December 9, 2019, Plaintiff Maria Gallagher filed a complaint against KT Lakeland Inc., alleging a cause of action under the Americans with Disabilities Act (ADA). (Doc. 1). Gallagher filed an amended complaint on February 26, 2020, adding OM 1961, Inc., as a Defendant to the action. (Doc. 16). On February 28, 2020, following a Stipulation of Voluntary Dismissal (Doc. 17), the Court dismissed KT

Lakeland Inc., as a Defendant in the case under Federal Rule of Civil Procedure 41(a) (Doc. 19), leaving OM 1961, Inc., as the only remaining Defendant in the case.

On July 24, 2020, OM 1961, Inc., filed a third-party complaint against KT Lakeland Inc., and Jamil Kassam (the President of KT Lakeland Inc.), alleging counts of fraudulent misrepresentation against KT Lakeland Inc., and Kassam; counts of negligent misrepresentation against KT Lakeland Inc., and Kassam; one count of breach of contract against KT Lakeland Inc.; and one count of common law indemnity against KT Lakeland Inc. (Doc. 33). KT Lakeland Inc., filed an answer to the third-party complaint on August 31, 2020. (Doc. 42). OM 1961, Inc., failed to successfully serve Kassam.[1]

On November 23, 2020, OM 1961, Inc., filed a motion for an extension of time to serve Kassam (Doc. 52), which the Court denied (Doc. 54). Accordingly, Kassam was dismissed without prejudice as a third-party defendant in the case. (Doc. 54). On March 17, 2021, after Gallagher filed a motion to dismiss (Doc. 55), the Court dismissed the ADA claim under Federal Rule of Civil Procedure 41(a)(2) (Doc. 59). Considering that only the third-party claims against KT Lakeland Inc., remained in the action, the Court directed OM 1961, Inc., to show cause as to why the Court should retain

---

[1] OM 1961, Inc., represented in a September status report that it was "in the process of obtaining service on Third-Party Defendant, Jamil Kassam" (Doc. 44, at 1), and Gallagher stated that "the Third Party [Complaint had] not been served on Third Party Defendant, Jamil Kassam" in a joint status report filed approximately two months later (Doc. 49, at 1–2).

jurisdiction over those claims. (Doc. 60). OM 1961, Inc., filed its response, requesting that the Court retain jurisdiction over OM 1961, Inc.'s third-party claims. (Doc. 61).

## II. Legal Standard

A district court may decline to exercise supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). "Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). When determining whether to dismiss certain claims, district courts must consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," in addition to the following four factors: judicial economy, convenience, fairness, and comity. *City of Chicago, v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997); *see Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 532 (11th Cir. 2015).

## III. Analysis

In the absence of federal question and diversity jurisdiction,[2] the Court has been exercising supplemental jurisdiction over the claims brought in the third-party complaint. *See* § 1367(a). After the dismissal of Gallagher's ADA claim—the claim over which the Court had original jurisdiction—the Court may now decline to exercise supplemental jurisdiction over the third-party claims. § 1367(c)(3) (permitting district courts to "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it ha[d] original jurisdiction").

OM 1961, Inc., argues that the "judicial economy and convenience factors weigh in favor of retaining jurisdiction, as declining jurisdiction would unnecessarily duplicate effort already expended in litigating this case, particularly that of service, pleading, and pleading-related motion practice." (Doc. 61 at 2; footnote omitted). It further argues that comity weighs in favor of retaining jurisdiction because "OM 1961's third-party claims are straightforward claims of fraudulent misrepresentation, negligent misrepresentation, breach of contract, and common law indemnity [that] rise and fall on the facts of the case and do not raise any novel issues of Florida law." (*Id.*). OM 1961, Inc., admits that "the fairness factor appears to favor neither outcome in particular." (*Id.*).

---

[2] Both OM 1961, Inc., and KT Lakeland Inc., are Florida corporations, meaning the parties cannot satisfy the complete diversity requirement needed for diversity jurisdiction.

The Court finds that the factors of judicial economy and convenience disfavor retaining jurisdiction. The third-party complaint is in a very early stage of litigation.[3] Indeed, KT Lakeland Inc., has filed only an answer to the third-party complaint. *See* (Doc. 42). And the Court has not expended a significant amount of judicial labor and time in this case that a state court would have to duplicate; indeed, the Court has not even issued a case management and scheduling order. Although OM 1961, Inc., argues that it "has encountered significant difficulties serving" Kassam (Doc. 61 at 2 n.1), and points to its service efforts as a reason for the Court to retain jurisdiction, any efforts to serve Kassam are irrelevant to the Court's analysis with respect to the judicial economy, fairness, or convenience factors because Kassam is no longer a party to this action. Because the Court has already dismissed Kassam for OM 1961, Inc.'s failure to serve him, OM 1961, Inc., would have to expend additional effort to successfully serve Kassam if OM 1691, Inc., wishes to make him a party to this litigation again—whether those efforts are in this Court or state court.

Additionally, although OM 1961, Inc., argues that "part of the damages in OM 1961's actions against Third-Party Defendants is for the expenses, including attorney's fees, incurred in defending the now-dismissed ADA action," the Court's involvement

---

[3] The ADA claim was also in the early stages of litigation before its dismissal, which counsels against retaining jurisdiction over the third-party action. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").

with the ADA case—which was dismissed without the Court addressing the claim's merits—was minimal and a damages calculation does not require the expertise of this Court. Additionally, where all the third-party claims are issues of Florida law, principles of comity favor a state court venue. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

After considering the circumstances of this case—especially that the single federal claim in the action was dismissed at an early stage of litigation, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)—and weighing the factors of judicial economy, convenience, fairness, and comity, the Court declines to exercise such supplemental jurisdiction.

Accordingly, it is **ORDERED**:

(1) The Court declines to retain supplemental jurisdiction over the third-party claims and therefore **DISMISSES WITHOUT PREJUDICE** the third-party claims for lack of jurisdiction.

(2) The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**ORDERED** in Tampa, Florida, on May 18, 2021.

Kathryn Kimball Mizelle
United States District Judge